J-S29013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH LEE PHILLIPS, | |
| Appellant | No. 1065 WDA 2015 |

Appeal from the PCRA Order Entered June 24, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002512-2002

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                 **FILED JUNE 08, 2016**

Appellant, Joseph Lee Phillips, appeals *pro se* from the post-conviction court's June 24, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  The sole issue presented for our review is whether Appellant is entitled to relief to correct his illegal sentence.  After careful review, we are compelled to affirm.

On May 5, 2003, a jury convicted Appellant of attempted homicide, two counts of aggravated assault, and carrying a firearm without a license, based on the following facts adduced at trial:

> On October 28, 2001, at approximately 4:00 a.m., Appellant and his girlfriend, Tamika Walker, were leaving the after-hours club "Lolo Club" located in the Strip District of Pittsburgh.  After they exited the club, they were approached by the victim Mark Fisher,

_____

[*] Former Justice specially assigned to the Superior Court.

who began arguing with Walker. Appellant and Walker proceeded in the direction of Appellant's vehicle, and despite pleas from Fisher's friends, including Lucille Szernics and Shawna Jenkins, that he leave Appellant and Walker alone, Fisher followed Appellant and Walker to their vehicle. Upon reaching the vehicle, Appellant retrieved a gun from the driver's side of the vehicle, then walked around to the passenger side where Fisher was standing. Appellant struck Fisher twice on the head with the butt of the gun. As Fisher lay on the ground, he was shot six times in the chest, hip, and right leg, his injuries requiring amputation of his right leg. Appellant then fled the scene, but later was apprehended and charged with the aforementioned offenses.

*Commonwealth v. Phillips*, No. 1571 WDA 2003, unpublished memorandum at 1-2 (Pa. Super. filed July 20, 2004).

On July 11, 2003, the trial court sentenced Appellant to 17½-35 years' incarceration for attempted homicide. Appellant did not file post-sentence motions, but he did file a timely appeal from his judgment of sentence. This Court affirmed, and our Supreme Court denied his subsequent petition for allowance of appeal. *See Commonwealth v. Phillips*, 859 A.2d 834 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 864 A.2d 529 (Pa. 2004).

Appellant filed a *pro se* PCRA petition on October 6, 2005. Counsel was appointed and filed an amended petition on Appellant's behalf. Following a PCRA hearing addressing newly discovered evidence,[1] Appellant

_____

[1] The victim ostensibly recanted his trial testimony. At trial, the victim testified that he did not remember anything about his altercation with Appellant on October 28, 2001. Evidence of the shooting itself was established by other eyewitnesses. At the PCRA hearing, however, the victim testified that he had lied at trial. His recantation testimony was that
*(Footnote Continued Next Page)*

filed another amended PCRA petition. Subsequently, on March 27, 2007, the PCRA court entered an order vacating Appellant's judgment of sentence and granting him a new trial.

The Commonwealth successfully appealed that decision. This Court reversed the PCRA court's order on February 8, 2008, thereby reinstating Appellant's judgment of sentence; thereafter, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Phillips*, 951 A.2d 1215 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 956 A.2d 434 (Pa. 2008).

Appellant filed another *pro se* PCRA petition, his second, on January 12, 2012. Counsel was appointed, but she filed a no merit letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). On May 30, 2012, the PCRA court granted counsel's petition to withdraw, and issued a notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant filed a timely, *pro se* objection thereto, but the PCRA court ultimately denied the petition on June 18, 2012. This Court affirmed that decision on April 1, 2013, following Appellant's *pro se* appeal. *See Commonwealth v. Phillips*, 68 A.3d 366 (Pa. Super. 2013) (unpublished memorandum) (dismissing Appellant's *pro se* appeal,

_(Footnote Continued)_ ———————————

Appellant may have accidentally shot him (at least six times) during a scuffle.

- 3 -

without reaching the merits thereof, due to Appellant's failure to conform to the Rules of Appellate Procedure).

On April 24, 2015, Appellant filed a *pro se* PCRA petition, his third, which is the subject of the instant appeal. On May 26, 2015, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Rule 907. Appellant timely filed objections thereto, but the PCRA court ultimately dismissed the petition on June 24, 2015. Appellant filed a timely appeal, and a Pa.R.A.P. 1925(b) statement.[2] On November 12, 2015, the PCRA court filed a statement in lieu of a Rule 1925(a) opinion, indicating that Rule 1925(a) was satisfied by the reasoning set forth in its Rule 907 notice.

Appellant now presents the following questions for our review, listed *verbatim*:[3]

> I.   WAS PETITIONER UNCONSTITUTIONALLY DENEID BY A STATE COURT, THE RETROACTIVE RELEIF AND

---

[2] The PCRA court does not appear to have ordered Appellant to file a Rule 1925(b) statement.

[3] Appellant refers to the following cases: **Alleyne v. United States**, 133 S.Ct. 2151 (2013); **Greer v. United States**, 134 S.Ct. 1875 (2014) (granting *certiorari*, vacating judgment of sentence, and remanding to the Third Circuit Court of Appeals in light of **Alleyne**); **Johnson v. United States**, 134 S.Ct. 1538 (2014) (same); **Shavers v. United States**, 133 S.Ct. 2877 (2013) (same); **United States v. Booker**, 543 U.S. 220 (2005) (applying **Apprendi v. New Jersey**, 530 U.S. 466 (2000), to invalidate a mandatory federal sentencing guideline); **Marbury v. Madison**, 5 U.S. 137 (1803); **Testa v. Katt**, 330 U.S. 386 (1947); **Harper v. Virginia Dep't of Taxation**, 509 U.S. 86 (1993).

APPLICATION OF U.S. SUPREME COURT DECISIONS, "***UNITED STATES v. ALLEYNE***, ***GREER***, ***JOHNSON***, ***SHAVERS***, ***BOOKER***; DENIED THE APPLICATION OF ***MARBURY v. MADISON***, ***TESTA v. KATT***; THE ***HARPER*** RULE PURSUANT TO ARTICLE VI. CLAUSE 2. "THE SUPREMACY CLAUSE," *NUNC PRO TUNC*?

II. WHETHER THE STATE COURT BY ITS REFUSAL TO APPLY THE DECISIONS ***ALLEYNE***-***APPRENDI***, VIA THE SUPREMACY CLAUSE TO THE APPELLANT'S CASE *NUNC PRO TUNC*, WAS TANTAMOUNT TO A STATE COURT COMMITTING A UNCONSTITUTIONAL STRUCTURAL DEFECT?

III. WHETHER APPELLANT'S SENTENCE IS ILLEGAL?

Appellant's Brief, at 3 (bold and italics added).

Our standard and scope of review regarding the denial of a PCRA petition is well settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.***

In order to be considered timely,

[a] PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The

timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

The three statutory exceptions for an untimely petition under the PCRA consist of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, a petition invoking a timeliness exception pursuant to the statute must "be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's PCRA petition was patently untimely.  As the Commonwealth correctly notes:

The PCRA petition at issue, [A]ppellant's third, is facially untimely.  Appellant was sentenced on July 11, 2003.  Following this Court affirming [A]ppellant's convictions and sentences, the Supreme Court of Pennsylvania denied [A]ppellant's Petition for Allowance of Appeal on February 10, 2005.  Appellant's judgments of sentence became final on May 11, 2005, the date on which time expired for him to seek review in the Supreme Court of the United States.  **See** [] 42 Pa.C.S. § 9545(b)(3);

- 6 -

U.S.Sup.Ct.R. 13(1) ("[A] petition for a writ of certiorari to review judgment in any case is timely when it is filed within 90 days after entry of judgment.). Appellant then had one year from that date to seek review by the Supreme Court of the United States in order to file a PCRA petition, February 10, 2005. Appellant filed his instant, third PCRA petition on April 29, 2015 – over ten years after his judgment[] of sentence became final. Appellant's[] third PCRA petition was thus untimely[.]

Commonwealth's Brief, at 9-10 (citations to the trial court's docket omitted).

Nevertheless, Appellant believes he is entitled to retroactive application of **Alleyne**, in satisfaction of the exception to the PCRA timeliness requirement, 42 Pa.C.S. § 9545(b)(1)(iii) (retroactivity exception). In **Alleyne**, the Supreme Court of the United States held that any fact that increases mandatory minimum sentence for a crime must be submitted to a jury and proven beyond a reasonable doubt. **Alleyne** was the logical extension of the **Apprendi** decision, wherein the high Court had required the same with respect to facts that increased the statutory maximum penalty for an offense. Thus, **Alleyne** overruled prior decisions rejecting **Apprendi**'s application to mandatory minimum sentences, such as **Harris v. United States**, 536 U.S. 545 (2002).

However, this Court has already rejected attempts to use **Alleyne** to satisfy the retroactivity exception to the PCRA's jurisdictional time-bar:

Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to [the a]ppellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our

Supreme Court specifically holds it to be retroactively applicable to those cases. ***Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012), citing ***Tyler v. Cain***, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); ***see also, e.g.***, ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[]"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). …

We are aware that an issue pertaining to ***Alleyne*** goes to the legality of the sentence. ***See Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (stating, "a challenge to a sentence premised upon ***Alleyne*** likewise implicates the legality of the sentence and cannot be waived on appeal[ ]"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*." ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. ***See Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction[ ]") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." [***Commonwealth v.***] ***Seskey***, [86 A.3d 237,] 242 [(Pa. Super. 2014)].

***Commonwealth v. Miller***, 102 A.3d 988, 995-96 (Pa. Super. 2014) (footnote omitted).

To the extent that Appellant's arguments can be construed as an attempt to challenge our holding in ***Miller*** regarding ***Alleyne***'s applicability to the retroactivity exception, we are constrained to dismiss his claim, as

this panel is not empowered to overrule the decision of another panel of the Superior Court.[4] **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013). As the PCRA court relied on **Miller** to dismiss Appellant's current PCRA petition as untimely, we deem that decision to be supported by the record and free from legal error. **Spotz**, **supra**.

Order **affirmed**.

_____

[4] We note that Appellant's reliance on the Supremacy Clause is unavailing. Should the Supreme Court of the United States ever expressly determine that **Alleyne** is to be afforded full retroactivity, the courts of Pennsylvania will be bound by that decision. Moreover, Appellant's reliance on the "**Harper** Rule" does not entitle him to relief, either. In **Harper**, the Supreme Court of the United States held that:

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect *in all cases still open on direct review* and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

**Harper**, 509 U.S. at 97 (emphasis added). Here, Appellant's case is no longer "open on direct review." **Id.** Direct review of Appellant's sentence terminated when the time period for filing a writ of *certiorari* expired at the end of his direct appeal. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13(1).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/8/2016